

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 24, 1963

Honorable W. C. Lindsey
Criminal District Attorney
Jefferson County
Beaumont, Texas

Opinion No. C- 146

Re: Whether a married woman
may legally be a surety
on the various types of
bonds used by the Sheriff's
Department and related
question.

Dear Mr. Lindsey:

The questions submitted in your letter of September 10, 1963, are as follows:

"Whether or not a married woman may legally be a surety on the various types of bonds used by the Sheriff's Department? If so, may her exempt separate property and/or community property be levied on in the event of a forfeiture?"

Article 4624 of Vernon's Civil Statutes has recently been amended by the 58th Legislature to read as follows:

"Upon the trial of any suit based upon a contract of the wife, the court shall decree that judgment may be levied upon her separate property, upon revenues from her separate property, or upon her personal earnings, . . ."

Article 4626 of Vernon's Civil Statutes has been amended to read:

"A married woman shall have the same powers and capacity as if she were a feme sole, in her own name, to contract and be contracted with, sue and be sued, and all her separate property, her personal earnings and the revenues from her separate estate

which is not exempt from execution under
the laws of Texas shall thereafter be sub-
ject to her debts and be liable therefor,
and <u>her contracts and obligations shall be
binding on her."</u>  (Emphasis added)

Article 4621 of Vernon's Civil Statutes has been
amended to read as follows:

"The community property of the husband
and wife, other than the personal earnings
of the wife and the revenues from her separ-
ate property, shall not be liable for debts
or damages resulting from contracts of the
wife, except for necessities furnished her-
self and children, unless the husband joins
in the execution of the contract; provided
that her rights with reference to the com-
munity property on permanent abandonment
by the husband shall not be affected by this
provision."

A bond is defined in Texas Jurisprudence Second
as, "an obligatory instrument in writing whereby one binds
himself to pay a sum of money or to do some other act. Any
instrument in writing that legally binds a person to do a
certain thing may be called a bond; in this sense the term
implies nothing more than a contract."  9 Tex.Jur.2d 420,
Bonds, Sec. 1.  Article 4626, quoted above, clearly gives a
married woman the power to contract in her own name. That
Article also makes a married woman's separate property, per-
sonal earnings, and non-exempt revenues from her separate
estate liable for her debts.  Article 4624, quoted above, makes
the separate property, personal earnings, and revenues from
her separate property subject to execution to satisfy her debts.
Under Article 4621, quoted above, the community property other
than the personal earnings of the wife and the revenues from
her separate property, would not be liable for the contracts
of the wife without the joinder of the husband, except for
necessities furnished herself and children.

It is the opinion of this office that a bond is
a contract within the purview of Article 4626 and that a mar-
ried woman may legally be a surety on the various types of
bonds used by the Sheriff's Department.without the joinder of
her husband.  However, such a bond would bind only the sep-
arate property, personal earnings, and non-exempt revenue

from the separate estate of the married woman.  A bond entered into by the wife alone could not bind the community property, other than the personal earnings of the wife and the revenues from her separate property.

### S U M M A R Y

A married woman may legally be a surety on the various types of bonds used by the Sheriff's Department.  A married woman may bind her separate property on such a bond but she may not bind the community property other than the personal earnings of the wife and the revenues from her separate property without the joinder of her husband.

Yours very truly,

WAGGONER CARR
Attorney General

By: Jack G. Norwood
Assistant

JGN:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Corbin Lee Snow, Jr.
Paul Robertson
Jerry Brock
Gordon Appleman

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone